O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME JAMES MYART, | Case No. EDCV 11-0043-GAF (DTB) |
| Plaintiff, | |
| vs. | ORDER RE DISMISSAL OF ACTION FOR FAILURE TO PROSECUTE |
| LVN FONTILEA, et al., | |
| Defendants. | |

   Plaintiff, who previously was incarcerated at the California Institute for Men in Chino, California, filed this pro se civil rights Complaint herein pursuant to 42 U.S.C. § 1983 on January 11, 2011, after being granted leave to proceed without prepayment of the full filing fee.

   In accordance with the terms of the "Prison Litigation Reform Act of 1995" ("PLRA"), the assigned Magistrate Judge screened the Complaint prior to ordering service, for purposes of determining whether the action was frivolous or malicious; or failed to state a claim on which relief may be granted; or sought monetary relief against a defendant who was immune from such relief. See 28 U.S.C. §§ 1915(e)(2), 1915A(b); 42 U.S.C. § 1997e(c)(1). After careful review and consideration of the allegations of the Complaint under the relevant standards, the Magistrate Judge found that its allegations were insufficient to state a claim on which relief might be granted

under 42 U.S.C. § 1983 for violation of plaintiff's federal civil rights. Accordingly, on January 20, 2011, the Magistrate Judge issued an Order Dismissing the Complaint With Leave to Amend. If plaintiff still desired to pursue this action, he was ordered to file a First Amended Complaint within 30 days, remedying the deficiencies discussed in the dismissal order.

On February 22, 2011, plaintiff filed a First Amended Complaint ("FAC"). Once again, in accordance with the terms of the PLRA, the Magistrate Judge screened the FAC prior to ordering service for purposes of determining whether the action is frivolous or malicious; or fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.

On April 11, 2011, the Magistrate Judge ordered service of process of the FAC on the defendants named therein in their individual capacities only. The order re service expressly provided that it was without prejudice to the right of any defendant to make any motion under the Federal Rules of Civil Procedure challenging the sufficiency of the FAC.

Pursuant to the Order re: Service of First Amended Complaint, plaintiff's Notice of Submission of Documents was due to be filed on May 13, 2011. As plaintiff failed to file the same, on June 7, 2011, the Court issued an Alias Summons and, *sua sponte*, extended plaintiff's time, up to and including July 8, 2011, to file his Notice of Submission of Documents to the United States Marshal for service of the FAC. Again, plaintiff failed to file his Notice of Submission of Documents within the allotted time to do so, accordingly, on August 3, 2011, the Court again, *sua sponte*, extended plaintiff's time, up to and including August 19, 2011, to file his Notice of Submission of Documents to the United States Marshal for service of the FAC. The Minute Order was duly served by mail on plaintiff at his current address of record on August 4, 2011. However, it subsequently was returned by the Post Office marked "Return to Sender Inmate No Longer at CIM."

Central District Local Rule 41-6 provides:

2

A party appearing *pro se* shall keep the Court and opposing parties apprised of such party's current address and telephone number, if any. If mail directed by the Clerk to a *pro se* plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution."

Here, plaintiff has failed to notify the Court of his current address within fifteen (15) days of the service date of the undelivered Minute Order described above, as required by Local Rule 41-6. His failure to keep the Court apprised of his current address renders this case indistinguishable from <u>Carey v. King</u>, 856 F.2d 1439, 1441 (9th Cir. 1988). There, in affirming the district court's dismissal of a case for failure to prosecute, the Ninth Circuit observed that "[i]t would be absurd to require the district court to hold a case in abeyance indefinitely just because it is unable, through the plaintiff's own fault, to contact the plaintiff to determine if his reasons for not prosecuting his lawsuit are reasonable or not."

In <u>Carey</u>, the Ninth Circuit cited the following factors as relevant to the district court's determination whether dismissal of a <u>pro se</u> plaintiff's action is warranted: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions." <u>Carey</u>, 856 F.2d at 1440. Here, the Court finds that the first, second, and fifth <u>Carey</u> factors clearly militate in favor of dismissal. The Court further finds that the third factor militates in favor of dismissal since plaintiff's failure to keep the Court and defendants apprised of his current address has prevented defendants from being able to obtain a determination of their motion to dismiss plaintiff's claims. While the Court finds that the fourth <u>Carey</u> factor does not militate in favor of dismissal, the

Court has concluded that the other four factors in this instance outweigh the fourth factor.

It therefore is ORDERED that this action be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b), Local Rule 41-6 and the Court's inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions for failure to prosecute. See also Link v. Wabash R.R., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962).

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: August 25, 2011

_____
GARY A. FEESS
UNITED STATES DISTRICT JUDGE

Presented by:

_____
David T. Bristow
United States Magistrate Judge